19-2650
Lopez-Benitez v. Garland

BIA
A208 173 402

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

YOSY ADALI LOPEZ-BENITEZ,
> *Petitioner,*

v.                                                    19-2650
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Perham Makabi, Esq., Kew Gardens, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Cindy S. Ferrier,

Assistant Director; Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yosy Adali Lopez-Benitez, a native and citizen of Honduras, seeks review of a July 23, 2019, decision of the BIA denying his motion to reconsider. *In re Yosy Adali Lopez-Benitez*, No. A208 173 402 (B.I.A. July 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's decision denying Lopez-Benitez's motion to reconsider, which we review for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has

2

acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005).

We find no abuse of discretion here. A "motion [to reconsider] shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

Lopez-Benitez asked the BIA to reconsider its prior decision affirming an immigration judge's denial of his motion to reopen, in which he alleged that his initial counsel rendered ineffective assistance by withdrawing his asylum application and failing to apply for Special Immigrant Juvenile Status ("SIJS"). First, Lopez-Benitez did not establish that the BIA erred in concluding that withdrawal of his asylum application was tactical and did not amount to ineffective assistance where his application was based on a fear of general gang violence. *See Rabiu v. INS*, 41 F.3d

3

879, 882 (2d Cir. 1994) (requiring applicant to "allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance" (internal quotation marks omitted)); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (general crime and "act[s] of random violence" cannot form the requisite nexus to a protected ground); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (rejecting CAT claim where petitioner relied on country reports of torture by government officials in Chinese prisons but did not provide "particularized evidence" to support her claim that she would be subject to such abuse).

Second, while the agency may have erred in requiring Lopez-Benitez to "conclusively" establish that he would have been granted SIJS had counsel pursued it, the BIA gave alternate grounds for its denial of reconsideration. The BIA concluded that Lopez-Benitez did not show that he informed his counsel that he was abused by his father, such that competent counsel would have considered applying for SIJS. 8 U.S.C. § 1101(a)(27)(J) (requiring showing of "abuse, neglect, abandonment, or a similar basis found under State

4

law"). The record supports that conclusion because it contains contradictory information as to whether Lopez-Benitez informed his counsel of the abuse and thus cannot support a finding that the BIA made a factual error in denying reopening. *See Kaur*, 413 F.3d at 233–34; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). The BIA's refusal to reconsider its earlier decision in light of developments in the SIJS application process that Lopez-Benitez had not alerted it to was not arbitrary or capricious. *See* 8 U.S.C. § 1229a(c)(6)(C); *Jin Ming Liu*, 439 F.3d at 111.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court